IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CHARLES MACKEY, | : |
| Plaintiff, | : |
| VS. | : 1:04-CV-182 (WLS) |
| SERGEANT BELL, | : |
| Defendant. | : |

**O R D E R**

Presently pending herein is plaintiff's motion to compel discovery (document # 23) and his motion for a protective order (document # 25) which the court will address prior to considering the defendant's motion for summary judgment. At the outset it is noted that although plaintiff makes reference to a request for production of documents he served upon the defendant on August 24, 2005, he has not attached a copy of his requests for production to his motion. Thus the court is unaware of what documents plaintiff has requested to be produced. For the reasons set out below plaintiff's motions are **DENIED.**

In his response to plaintiff's motion defendant alleges that plaintiff has failed to confer in good faith with defense counsel prior to filing his motion as required by Fed. R. Civ. P. 37(a)(2) which states in pertinent part:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. (Emphasis added)

Plaintiff's reply to defendant's response to the motion is silent on this issue. Defendant's allegation that plaintiff has failed to make the required good faith effort to confer and the

plaintiff's silence on that issue forces the conclusion that the defendant's statement is true. The court may not properly consider the motion to compel production of documents absent the required certification.

Plaintiff's motion is also untimely having been filed at least three months after the close of the discovery period. Defendant filed his answer herein on February 21, 2005. This court's order which allowed plaintiff's complaint to go forward against this defendant contains the following language relative to discovery and pertinent to plaintiff's motion.

> IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of the filing of an answer or dispositive motion by the defendant unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer and/or dispositive motion.

Thus the discovery period herein ended on May 22, 2005, 90 days after the answer was filed. It is noted that no requests for an extension or time or for a protective order were filed within the discovery period. Plaintiff's argument that the filing of the motion for summary judgment by the defendant on June 16, 2005, started the discovery period thus making his motion to compel timely filed is not made in good faith and is not well taken by the court. It is obvious from the above language that the filing of an answer or dispositive motion, whichever shall first occur, starts the 90-day discovery period. Taking the plaintiff's argument to its logical conclusion would mean that the failure of a defendant to file a dispositive motion would keep the discovery period from ever commencing.

As earlier indicated plaintiff's motions, docketed at numbers 23 and 25 are hereby **DENIED.**

SO ORDERED, this 15th day of February 2006.

/s/ Richard L.Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE