**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

|  |  |  |
|---|---|---|
| **CHARLES MACKEY,** | : | |
| Plaintiff, | : | |
| VS. | : | 1:04-CV-182 (WLS) |
| **SERGEANT BELL,** | : | |
| Defendant. | : | |

**RECOMMENDATION**

The Clerk of Court has docketed as a Motion for a Preliminary Injunction and Temporary Restraining Order a submission from the plaintiff, filed May 23, 2005, which he has titled "Declaration In Support Of Plaintiff [sic] Motion For A Temporary Restraining Order And Preliminary Injunction" (Doc. # 10).  Plaintiff has not actually filed a motion seeking injunctive relief or a temporary restraining order.  In view of the plaintiff's *pro se* status the court will consider his filing to be such a motion.

First it is noted that in addition to Sergeant Bell the plaintiff has added the following to the caption of his motion as defendants, Georgia Department of Corrections, Attorney General and Fredrick [sic].  By previous recommendation which was adopted by the assigned district judge on April 7, 2005, the instant action was allowed to proceed only against defendant Sergeant Bell.  Thus, the three additional entities identified in the first sentence of this paragraph are not defendants in this matter.

The first fifteen paragraphs of plaintiff's motion are nothing more than a reiteration of factual allegations contained in his complaint.  In paragraph sixteen plaintiff states, "at all time [sic] relevant to this complaint, I am suffering incompetent protection, mental health treatment

rights and all other matters relative to such recall shall be provided by law in the form of continued inadequate staffing and an increasing risk." In paragraph eighteen plaintiff states that, "[o]n information and belief I have not been provided with protection, mental health treatment rights because there is an informal policy at Autry State Prison of giving low priority to the protection needs of inmates and of refusing to provide them with mental health treatment rights and their condition is life threatening." Finally, in paragraph twenty-two plaintiff seeks an order, "requiring the defendants to arrange for protection, mental health treatment frights, immediately transfer and all other matters relative to such recall shall be provided by law."

Nowhere in his motion does the plaintiff state what or who it is that he needs protection from. There is but one defendant herein and plaintiff has made no allegations in his motion that he needs protection from him. To the extent that plaintiff is seeking placement in some type of mental health treatment program, the defendant, a correctional officer certainly cannot place him in such a program. In short, this defendant cannot provide the relief plaintiff seeks and for this reason it is **RECOMMENDED** that his motion be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 16th day of February 2006.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE